UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          Case No. 2:92-cr-118-FTM-34

DAVID LEE HALL
CLEOPHAS JAMES HALL
JOSEPH HALL
GREG CALDWELL

_____

**OPINION AND ORDER**

This matter is before the Court on Defendants' [David Lee Hall, Cleophas James Hall, and Joseph Hall] Joint Motion Under 18 U.S.C. § 3582(c)(2) to Modify or Reduce Terms of Imprisonment Pursuant to U.S.S.G. § 1B1.10(c), Amendment 706, Effective March 3, 2008 (Doc. #300), filed on March 6, 2008. These three defendants seek a six-level reduction in their respective sentences in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels. Also before the Court is Defendant's [Greg Caldwell] Motion Under 18 U.S.C. § 3582(c)(2) to Modify or Reduce Term of Imprisonment Pursuant to U.S.S.G. § 1B1.10(c), Amendment 706, Effective March 3, 2008 (Doc. #301), filed on April 3, 2008, seeking a three-level reduction.

In Orders (Docs. ## 302, 303, 304, 305) filed on April 11, 2008, the Court appointed the Federal Public Defender's Office to represent defendants, ordered supplemental presentence reports from the U.S. Probation Office, and directed responses to the supplemental presentence reports. The supplemental presentence reports determined that none of the defendants were eligible for a

sentence reduction under Amendment 706. The United States filed its Oppositions (Docs. ## 315, 316, 317, 325) asserting that defendants are not eligible under Amendment 706 because application of the amendment does not lower their Sentencing Guidelines range. Defendants filed Responses (Docs. ## 326, 327, 328, 329) asserting that they are indeed eligible for a reduction under Amendment 706.

**I.**

Title 18 U.S.C. § 3582(c) gives the Court discretionary authority to reduce the "term of imprisonment" portion of a defendant's sentence under certain circumstances. Subsection 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has

subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c).[1] Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10. A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range, U.S.S.G. § 1B1.10(a)(2)(B).

While it is retroactive, Amendment 706 does not have the effect of lowering a defendant's applicable Sentencing Guidelines range where that defendant was held responsible for 4.5 kilograms or more of crack cocaine. United States v. Jones, 548 F.3d 1366 (11th Cir. 2008). The Court properly relies upon the drug quantity found at the original sentence. United States v. Harris, No. 08-11431, 2009 WL 368321 (11th Cir. 2009).

## II.

After a jury trial, defendants David Lee Hall, Cleophas James Hall, Joseph Hall, and Greg Caldwell were convicted of conspiracy

---

[1] United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

3

to possess with intent to distribute 50 grams or more of cocaine base, crack cocaine (Count One) and possession with intent to distribute 50 grams or more of cocaine base, crack cocaine (Count Four). (See Docs. ## 124, 123, 122, 121.) At sentencing, Count Four was dismissed as to defendant Caldwell.

The Presentence Report held defendant David Lee Hall responsible for "well over 15 kilograms of cocaine base." Presentence Report, ¶ 29. At the original sentencing, his counsel filed an objection to the quantity of drugs that were attributed to David Lee Hall. The sentencing judge overruled this objection, and found that David Lee Hall was involved in and responsible for no less than 50 kilograms of crack cocaine. (Doc. #145, pp. 3-5.) The Court determined that defendant David Lee Hall's Base Offense Level was 42, his Total Offense Level was 43, his Criminal History Category was I, and the Sentencing Guidelines range was Life imprisonment. (See Doc. #124.) David Lee Hall was sentenced to concurrent terms of Life imprisonment followed by five years of supervised release. (See id.) In 1996, the sentences were reduced to concurrent 360-month terms of imprisonment pursuant to Amendment 505 to the United States Sentencing Guidelines. (See Docs. ## 195, 200.) Defendant remains incarcerated pursuant to this sentence. Because defendant David Lee Hall was held responsible for more than 4.5 kilograms, Amendment 706 does not reduce the applicable Sentencing Guidelines range and defendant is not eligible for a sentence reduction.

4

The Presentence Report held defendant Cleophas James Hall responsible for "well over 15 kilograms of cocaine base." Presentence Report, ¶ 29. At the original sentencing, his counsel filed objections to all allegations concerning defendant's involvement in selling or conspiring to sell drugs. The sentencing judge overruled this objection, and as stated in the Statement of Reasons attached to the original Judgment, adopted the factual findings and application of the Sentencing Guidelines in the Presentence Report. (See Doc. #123.) The Court determined that defendant Cleophas James Hall's Base Offense Level was 42, his Total Offense Level was 43, his Criminal History Category was I, and the Sentencing Guidelines range was Life imprisonment. (See id.) Cleophas James Hall was sentenced to concurrent terms of Life months imprisonment followed by five years of supervised release. (See id.) In 1996, the sentences were reduced to concurrent 324-month terms of imprisonment pursuant to Amendment 505 to the United States Sentencing Guidelines. (See Doc. #201.) Defendant remains incarcerated pursuant to this sentence. Because defendant Cleophas James Hall was held responsible for more than 4.5 kilograms, Amendment 706 does not reduce the applicable Sentencing Guidelines range and defendant is not eligible for a sentence reduction.

The Presentence Report held defendant Joseph Hall responsible for "well over 15 kilograms of cocaine base." Presentence Report, ¶ 29. At the original sentencing, counsel for defendant Joseph Hall filed objections to the quantity of drugs which were

5

attributed to Joseph Hall. The sentencing judge overruled this objection, and found Joseph Hall was involved in and responsible for more than 50 kilograms of crack cocaine. (Doc. #173, pp. 4-15.) The Court determined that defendant Joseph Hall's Base Offense Level and Total Offense Level were 42, his Criminal History Category was IV, and the Sentencing Guidelines range was 360 months to Life imprisonment. Joseph Hall was sentenced to concurrent terms of 360 months imprisonment followed by five years of supervised release. (See Docs. ## 122, 141.) Defendant remains incarcerated pursuant to these sentences. Because defendant Joseph Hall was held responsible for more than 4.5 kilograms, Amendment 706 does not reduce the applicable Sentencing Guidelines range and defendant is not eligible for a sentence reduction.

The Presentence Report held defendant Greg Caldwell responsible for "well over 15 kilograms of cocaine base." Presentence Report, ¶ 29. At the original sentencing, his counsel filed objections to the quantity of drugs which were attributed to Caldwell and his role in the offense. The sentencing judge overruled these objections, and found Caldwell was involved in and responsible for over 50 kilograms of cocaine base. (See Doc. #144, pp. 4-5, 8-10.) The Court determined that defendant Caldwell's Base Offense Level was 42, his Total Offense Level was 42, his Criminal History Category was II, and the Sentencing Guidelines range was 360 months to Life imprisonment. (See Doc. #140.) Caldwell was sentenced to concurrent terms of 360 months

6

imprisonment followed by five years of supervised release. (See id.)  In 1996, the sentences were reduced to concurrent 262-month terms of imprisonment pursuant to Amendment 505 to the United States Sentencing Guidelines.  (See Docs. ## 198, 202.)  Defendant Caldwell remains incarcerated pursuant to this sentence.  Because defendant Caldwell was held responsible for more than 4.5 kilograms, Amendment 706 does not reduce the applicable Sentencing Guidelines range and defendant is not eligible for a sentence reduction.

Defendants also assert that the Court should reduce the sentence pursuant to United States v. Booker, 543 U.S. 220 (2005) and Kimbrough v. United States, 128 S. Ct. 558 (2007).  (See Docs. ## 300, 301.)  The Court may not do so.  United States v. Melvin, __ F.3d __, 2009 WL 236053 (11th Cir. Feb. 3, 2009); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005), cert. denied, 547 U.S. 1050 (2006); United States v. Alebord, 256 Fed. Appx. 255 (11th Cir. 2007).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  Defendants' [David Lee Hall, Cleophas James Hall, and Joseph Hall] Joint Motion Under 18 U.S.C. § 3582(c)(2) to Modify or Reduce Terms of Imprisonment Pursuant to U.S.S.G. § 1B1.10(c), Amendment 706, Effective March 3, 2008 (Doc. #300) is **DENIED.**

2.  Defendant's [Greg Caldwell] Motion Under 18 U.S.C. §

3582(c)(2) to Modify or Reduce Terms of Imprisonment Pursuant to U.S.S.G. § 1B1.10(c), Amendment 706, Effective March 3, 2008 (Doc. #301) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___27th___ day of February, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
U.S. Probation
U.S. Marshal