UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                   CASE NO: 2:92-cr-118-FtM-UA

DAVID LEE HALL and
JOSEPH J. HALL

_____

**OPINION AND ORDER**

This matter comes before the Court on defendants' Motion for Reconsideration (Doc. #388) filed on January 20, 2016.[1]  No response has been filed to the motion, and the time to respond has expired.  Defendants filed a Supplements to Motion for Reconsideration (Doc. #392) on February 19, 2016, and defendant Joseph Hall filed his own separate Supplement to Motion for Reconsideration (Doc. #393) on March 28, 2016.

On January 5, 2016, the Court issued an Order Denying Motions for Prison-Term Reduction Under 18 U.S.C. § 3582(c)(2) Based on USSG Amend. 782 (Doc. #386) finding that the transcript from the original sentencing reflected a specific factual finding by the district judge of in excess of 25.2 kilograms of cocaine; finding that reducing the Base Offense Level to 38 would have no impact on

---

[1] Defendants filed a Notice of Appeal (Doc. #389) from the Order Denying Motions for Prison-Term Reduction Under 18 U.S.C. § 3582(c)(2) Based on USSG Amend. 782 (Doc. #386) on January 21, 2016.

David Lee Hall because his adjusted guideline range would remain at 360 months to life; and, finding that Joseph Hall's Base Offense Level would remain at 38 based on the last amendment and that his sentence would remain at 360 months based on the last reduced sentence imposed. Defendants seek reconsideration asserting that the drug quantity finding at sentencing was objected to and non-specific, and therefore further development of the record and possibly an evidentiary hearing are required. The Court disagrees.

Reduction of a sentence based on a retroactive amendment is not an opportunity for a full or *de novo* resentencing. Dillon v. United States, 560 U.S. 817, 824-27 (2010). Further, a retroactive amendment does not change the original sentencing determination, including previous factual findings, and only changes the applicable guideline range. United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014), cert. denied, 135 S. Ct. 2819 (2015); United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (reiterating that "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing" (citing United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998))).

The Eleventh Circuit has set forth certain considerations to accurately determine the drug quantity to determine §3582(c)(2) eligibility:

> . . . it may be that the district court determines that its drug quantity finding at the original sentence hearing went no further than "at least 1.5 kilograms." If so, that finding is not specific enough to support any conclusion about whether Amendment 750 lowered Hamilton's base offense level, because "at least 1.5 kilograms" is equally consistent with a finding of 8.4 kilograms or more and a finding of less than 8.4 kilograms. So if the district court finds that its original findings were limited to "at least 1.5 kilograms," the court will need to go further. It will need to examine the entire record before it at the time of the original sentencing to see if it can make any further findings that will resolve the issue of whether 8.4 kilograms or more of crack cocaine should be attributed to Hamilton. See, e.g., United States v. Moore, 582 F.3d 641, 646 (6th Cir. 2009) (holding that where the original drug quantity determination is not specific enough for the district court to determine whether it has the authority to reduce a defendant's sentence under § 3582(c)(2), that court may make new findings of fact that are supported by the record and are not inconsistent with the findings made in the original sentencing proceedings); United States v. Hall, 600 F.3d 872, 876 (7th Cir. 2010) (same); United States v. Anderson, 707 F.3d 973, 974–75 (8th Cir. 2013) (same). The district court may receive additional briefing but should not consider any new evidence.

United States v. Hamilton, 715 F.3d 328, 340 (11th Cir. 2013). In United States v. Guyton, 550 F. App'x 796 (11th Cir. 2013)(Guyton I), the Eleventh Circuit remanded based on Hamilton because the sentencing judge had made an "unequivocal finding" that Guyton was responsible for only "in excess of 1.5 kilograms" while noting that he dealt "far beyond" 1.5 kilograms, "perhaps as many as 120

or 288 kilograms." The sentencing judge went no further findings with regard to this larger amount because it was not necessary at the time, and did not adopt the contested paragraph in the Presentence Report that contained the 120 to 288 kilogram quantity reference. In the written judgment, the sentencing judge adopted the Presentence Report factual findings but excluded the one contested paragraph. The §3582(c)(2) judge denied a motion to alter Guyton's guideline range under Amendment 750 because the Presentence Report reflected 120 to 288 kilograms of crack cocain. The Eleventh Circuit found it was error for the §3582(c)(2) judge to rely on the 120 to 288 kilograms of cocaine as attributable to Guyton in denying §3582(c)(2) relief "[b]ecause the sentencing court left open the possibility that Guyton was responsible for as much as 120 to 288 kilograms of crack cocaine." Guyton I, 550 F. App'x at 799-800.

In this case, and unlike Hamilton and Guyton I, the sentencing judge considered both the Presentence Report and the testimony at trial, and based his calculations of the amount of drugs on the testimony and his recollection of the history of the case. See United States v. Guyton, 596 F. App'x 873, 877 (11th Cir. 2015)(Guyton II)(the district judge is not restricted to the information in the Presentence Report in making findings and can rely on information available at the time of sentencing without violating due process). Based on the testimony and his own

- 4 -

knowledge of the case, the sentencing judge made a "conservative" estimate of in excess of 500 kilograms and adopted a factual finding of no less than 50 kilograms of crack cocaine for both David Hall and Joseph Hall.  This amount was well in excess of the amount stated in the Presentence Report, and defendants' objections to the drug quantity were specifically overruled at sentencing.  (Doc. #330.)  The undersigned did not rely on facts that were left in question in denying §3582(c)(2) relief, and finds that additional findings of fact are not required in this case.  See United States v. Cothran, 106 F.3d 1560, 1562-63 (11th Cir. 1997) (the Court may not revisit factual findings if they were sufficiently specific at the time of sentencing).  Therefore, reconsideration will be denied on this basis.

Defendants also argue that the government is barred from objecting for the first time during a § 3582(c)(2) proceeding to finding only 15 kilograms of cocaine base attributable to defendants because the government did not object to any specific quantity of cocaine base at sentencing.  The factual findings were adopted without objection, and defendants' objections were overruled in finding an amount in excess of 50 kilograms. Defendants' supplemental argument is without merit.

As to Joseph Hall's supplemental argument that he had a minor role in the drug conspiracy, and that only 15 kilograms of cocaine base were attributable to him, these arguments are similarly

rejected.  Defendant's assessment of the drug quantity is incorrect, and a §3582(c)(2) motion does not allow the Court to revisit the issue of a role adjustment that was not granted at the time of sentencing.

Accordingly, it is hereby

**ORDERED:**

Defendants' Motion for Reconsideration (Doc. #388), as supplemented, is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___13th___ day of April, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record